IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

CAROL JEFFERSON  :

   v.  :  Civil Action No. DKC 15-2275

NATIONAL RAILROAD PASSENGER  
CORPORATION d/b/a Amtrak  :

**MEMORANDUM OPINION**

Presently pending and ready for resolution is Defendant's motion to dismiss or for more definite statement. (ECF No. 6). The issues are sufficiently briefed, and no hearing is deemed necessary. Local Rule 105.6. For the following reasons, the motion will be granted.

**I. Background**

In a complaint filed in the Circuit Court for Prince George's County on July 7, 2014, Plaintiff Carol Jefferson ("Plaintiff"), who was representing herself at the time, asserts that she fell when an elevated edge of one of the bricks in the main room floor of a train station stopped her left foot as she was walking. She does not identify the train station, or state when the accident occurred. She suffered injury to her left lower leg, including a tear of the anterior talofibular ligament of her left ankle. Before removing the action to this court, Defendant filed a motion to dismiss (a) for insufficient

process, (b) lack of jurisdiction, (c) failure to state a claim, or alternatively, (d) for more definite statement. (ECF No. 6).

When the complaint was filed in state court, that court issued a summons on July 18, 2014, which, pursuant to state law, was effective for service only if served within 60 days. It was not served. A second summons was issued on January 26, 2015, but Defendant Amtrak ("Amtrak") asserts that it was not served until July 6, 2015. (*See* ECF No. 1, at 1). On August 4, 2015, Amtrak removed the action to this court, asserting jurisdiction under 28 U.S.C. §§ 1331 and 1349. (*Id.* at 1-2). On the same day, Amtrak filed the pending motion to dismiss or for more definite statement. (ECF No. 6). Now represented by counsel, Plaintiff filed a response in opposition (ECF No. 21), and Amtrak replied (ECF No. 22).

## II. Analysis

Amtrak contends: (1) that the summons was dormant by the time it was served, making service insufficient; and (2) that it was not served within 120 days of the issuance of process, meaning that the case should be dismissed for lack of jurisdiction.

"State law governs the sufficiency and service of process before removal to federal court." *Sharp v. Am. Honda Motor Co., Inc.*, No. 09-cv-2622, 2009 WL 4061761, at *1 (D.Md. Nov. 19,

2009) (citing *Eccles v. Nat'l Semiconductor Corp.*, 10 F.Supp.2d 514, 519 (D.Md. 1998)). Maryland Rule 2-113 provides that:

> A summons is effective for service only if served within 60 days after the date it is issued. A summons not served within that time shall be dormant, renewable only on written request of the plaintiff.

There is no question that neither summons was served within 60 days of its issuance. Under Maryland law, each summons became dormant and service was not effective. Plaintiff does not really contest the matter, but rather states that, if the case is not dismissed and Amtrak refuses to waive service, she will request the issuance of process from this court and immediately serve the Defendant. Thus, Defendant's complaint about the insufficiency of service of process is well taken.

Maryland Rule 2-507(b) provides that:

> [A]n action against any defendant who has not been served or over whom the court has not otherwise acquired jurisdiction is subject to dismissal as to that defendant at the expiration of 120 days from the issuance of original process directed to that defendant.

A defendant may file a motion to dismiss when it learns of a case, but has not been served timely. *Conwell Law LLC v. Tung*, 221 Md.App. 481, 510 (2015) (citing *Reed v. Cagan*, 128 Md.App. 641 (1999)).

> When a party seeks dismissal of an action under Rule 2-507 ("Dismissal for lack of

3

> jurisdiction or prosecution"), the decision to grant or deny the dismissal is committed to the sound discretion of the trial court. *See Powell v. Gutierrez*, 310 Md. 302, 309-10, 529 A.2d 352 (1987). The trial court's decision will be overturned on appeal only "in extreme cases of clear abuse." *Stanford v. District Title Ins. Co.*, 260 Md. 550, 555, 273 A.2d 190 (1971). The responsibility is on the trial court to weigh and balance the rights, interests, and reasons of the parties in light of the public demand for prompt resolution of litigation. *See Langrall, Muir & Noppinger v. Gladding*, 282 Md. 397, 400, 384 A.2d 737 (1978). The primary focus of the inquiry should be on diligence and whether there has been a sufficient amount of it. *See Stanford*, 260 Md. at 555, 273 A.2d 190. The Court of Appeals has announced that it "is totally committed to the proposition that 'justice delayed is justice denied.'" *Id*. at 554, 273 A.2d 190.

*Reed*, 128 Md.App. at 646. Under Rule 2-507(e), "a court may defer the dismissal of a case if the plaintiff can prove 'that the delay is not completely unjustified' and that the delay did not 'substantially prejudice[]' the defendant." *Rusnakova v. World Kitchen, LLC*, No. RDB-12-03650, 2013 WL 1932940, at *2 (D.Md. May 8, 2013) (quoting *Reed*, 128 Md.App. at 648).

Plaintiff does not provide valid justification for failing to serve Defendant. She claims that, as a *pro se* litigant, she did not know that she had to do anything other than file the complaint and request issuance of process. (ECF No. 21, at 3). The actual request for issuance of the summons, however,

4

explicitly recited that it should be returned to her "for service." (ECF No. 22-1, at 2). Even if she didn't receive that summons from the clerk due to an error in the address, she waited until January 2015 to request reissuance, and then didn't serve it until July. She obviously knew enough to request reissuance, an action inconsistent with her newly professed belief that she didn't need to do anything more. She offers no excuse for failing to serve the second summons while it was active. Plaintiff has not demonstrated a justification for the delay.

Prejudice from the passage of time is sometimes inferable, and it is often the case that "[t]he delay itself gives rise to an inference of prejudice." *Sharp*, 2009 WL 4061761 at *2; *see also Rusnakova*, 2013 WL 1932940 at *4. Here, Plaintiff waited three years after the incident to file suit, and then failed to serve Defendant for another year. *See Sharp*, 2009 WL 4061761 at *2 (noting that a "significant" ten-month delay in service supported dismissal). Such a significant delay is unacceptable because it "frustrate[s] limitations statutes and policies underlying them by permitting a plaintiff to extend the limitations period by nearly a year beyond its expiration." *Id.* at *2. Even if Amtrak had some notice contemporaneous with the event, it points out that, because of the delay, finding

5

witnesses with accurate recall will be difficult, and it might be problematic to have an expert examine the allegedly dangerous condition.

## III. Conclusion

Under the circumstances, the equities all favor dismissal. Accordingly, Defendant's motion to dismiss will be granted by separate order.

                                         /s/
                               DEBORAH K. CHASANOW
                               United States District Judge