```
              IN THE UNITED STATES DISTRICT COURT
                 FOR THE DISTRICT OF MARYLAND
```

|  |  |
|---|---|
| CAROL JEFFERSON | : |
| | : |
| v. | : Civil Action No. DKC 15-2275 |
| | : |
| NATIONAL RAILROAD PASSENGER CORPORATION d/b/a Amtrak | : |

**MEMORANDUM OPINION AND ORDER**

Presently pending and ready for resolution is a motion for reconsideration filed by Plaintiff Carol Jefferson. (ECF No. 25). The relevant issues have been briefed, and the court now rules, no hearing is deemed necessary. Local Rule 105.6. For the following reasons, the motion will be denied.

**I.  Background**

The background to this case may be found in the memorandum opinion issued on October 21, 2015. (ECF No. 23). That opinion and an accompanying order granted Defendant Amtrak's motion to dismiss for insufficient process. On November 4, Plaintiff filed the pending motion for reconsideration (ECF No. 25), and Defendant responded in opposition (ECF No. 26).

**II.  Standard of Review**

A motion for reconsideration filed within 28 days of the underlying order is governed by Fed.R.Civ.P. 59(e).[1] Courts have

---

[1] A party may move to alter or amend a judgment under Rule 59(e), or for relief from a judgment or order under Rule 60(b).

recognized three limited grounds for granting a motion for reconsideration pursuant to Rule 59(e): (1) to accommodate an intervening change in controlling law; (2) to account for new evidence not available at trial; or (3) to correct clear error of law or prevent manifest injustice.  *See United States ex rel. Becker v. Westinghouse Savannah River Co.*, 305 F.3d 284, 290 (4th Cir. 2002) (citing *Pac. Ins. Co. v. Am. Nat'l Fire Ins. Co.*, 148 F.3d 396, 403 (4th Cir. 1998)).  A motion for reconsideration is properly denied when a movant fails to establish one of these three criteria.  *See, e.g., Jarvis v. Enter. Fleet Servs. & Leasing Co.*, No. DKC-07-3385, 2010 WL 1929845, at *2 (D.Md. May 11, 2010), *aff'd*, 408 F.App'x 668 (4th Cir. 2011) (denying motion to reconsider because the plaintiff failed to identify valid circumstances that would cause the district court to alter or amend its prior opinion).

A Rule 59(e) motion "may not be used to relitigate old matters, or to raise arguments or present evidence that could have been raised prior to the entry of judgment."  *Pac. Ins. Co.*, 148 F.3d at 403 (quoting 11 Wright, et al., Federal Practice & Procedure § 2810.1, at 127-28 (2d ed. 1995)); *see*

---

*See* Fed.R.Civ.P. 59(e) & 60(b).  A motion to alter or amend filed within 28 days of the judgment is analyzed under Rule 59(e).  *See MLC Auto, LLC v. Town of S. Pines*, 532 F.3d 269, 280 (4th Cir. 2008); *Classen Immunotherapies, Inc. v. King Pharmaceuticals, Inc.*, No. WDQ-04-3621, 2013 WL 5934055, at *3 (D.Md. Oct. 31, 2013).

*also Medlock v. Rumsfeld*, 336 F.Supp.2d 452, 470 (D.Md. 2002), *aff'd*, 86 F.App'x 665 (4th Cir. 2004) (citation omitted) ("To the extent that Plaintiff is simply trying to reargue the case, he is not permitted to do so. Where a motion does not raise new arguments, but merely urges the court to 'change its mind,' relief is not authorized."). "In general, 'reconsideration of a judgment after its entry is an extraordinary remedy which should be used sparingly.'" *Pac. Ins. Co.*, 148 F.3d at 403 (quoting Wright, et al., *supra*, § 2810.1, at 124).

**III. Analysis**

Plaintiff's motion for reconsideration does not satisfy any of the three grounds for reconsideration under Rule 59(e). Plaintiff has not identified any intervening change in law, newly developed evidence, clear error of law, or manifest injustice to warrant an alteration of the prior judgment. The brief arguments Plaintiff makes in support of her motion are unpersuasive.

First, Plaintiff argues that Maryland Rule 2-507 does not apply.[2] Maryland Rule 2-507(b) provides that:

> [A]n action against any defendant who has not been served or over whom the court has not otherwise acquired jurisdiction is subject to dismissal as to that defendant at

---

[2] Although Plaintiff does not base her arguments for reconsideration on the grounds in Rule 59(e), the undersigned construes this argument as alleging a clear error in law.

3

>           the expiration of 120 days from the issuance
> of original process directed to that
> defendant.

Plaintiff argues that this rule does not apply because the Circuit Court of Maryland for Prince George's County had "otherwise acquired jurisdiction" over Defendant when counsel for Defendant entered his appearance. (ECF No. 25, at 1-2). Defendant contends that Rule 2-507 still applies because the appearance was entered "for the limited and sole purpose of" filing the motion to dismiss for insufficient process. (ECF No. 26-1). Plaintiff does not cite any case law to support her argument that such an appearance precludes Rule 2-507 from applying, and such a proposition is contrary to the relevant precedent. (*See* ECF No. 23, at 3-5 (citing cases that granted similar motions to dismiss under Rule 2-507)). Accordingly, Plaintiff has not shown the existence of a clear error of law.

Plaintiff also puts forth two arguments that have already been litigated: that her delay in serving process was justified because she encountered "unexpected difficulty in searching for a seasoned Maryland counsel who was then available and would vigorously handle defendant's potential responses to service," and that Amtrak was not prejudiced by the delay. (ECF No. 25, at 2-3). A Rule 59(e) motion may not be used to relitigate old matters, which is precisely what Plaintiff attempts to do here.

4

Plaintiff had an opportunity to, and did, advance arguments justifying the delay in service of process. The court considered the arguments and found that "Plaintiff has not demonstrated a justification for the delay." (ECF No. 23 at 5). The court also considered the issue of prejudice and found that such a significant delay in service prejudiced Defendant. (*Id.* at 5-6). Plaintiff's arguments on these two issues do not satisfy the exacting requirements of Rule 59(e). Accordingly, there is no reason to disturb the memorandum opinion and order.

**IV. Conclusion**

For the foregoing reasons, Plaintiff's motion for reconsideration will be denied. Thus, it is this 23rd day of December, 2015, by the United States District Court for the District of Maryland, ORDERED that:

1. Plaintiff Carol Jefferson's motion for reconsideration (ECF No. 25) BE, and the same hereby IS, DENIED; and

3. The clerk will transmit copies of this Memorandum Opinion and Order to counsel for the parties.

                                          /s/
                              DEBORAH K. CHASANOW
                              United States District Judge